IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN JOYCE,

    Plaintiff

v.                                           No. _____ 2007

BOBCAT OIL & GAS, INC.,
BEAR CREEK OIL & GAS,
INC., ELLIS MEISTER and
GORDON TUCK,

    Defendants

## COMPLAINT

Plaintiff Kevin Joyce hereby files this complaint against Defendants Bobcat Oil & Gas, Inc., Bear Creek Oil & Gas, Inc., Ellis Meister and Gordon Tuck of which the following is a statement.

### Parties

1. Plaintiff Kevin Joyce ("Joyce") is an adult individual residing at 105 Old Farm Rd., Milford, New Jersey 08848.

2. Defendant Bobcat Oil & Gas, Inc. ("Bobcat") is a business corporation organized and subsisting under the laws of the State of Michigan with its principal office at 2850 Thornhills Ave. S.E., Grand Rapids, Michigan 49546.

3. Defendant Bear Creek Oil & Gas, Inc., ("Bear Creek") is a business corporation organized and subsisting under the laws of the State of Michigan with its principal office at 2850 Thornhills Ave. S.E., Grand Rapids, Michigan 49546.

4. Defendant Ellis Meister ("Meister") is an adult individual residing at 744 Pendleton Dr., N.E., Comstock Park, Michigan 49321.

5. Defendant Gordon Tuck ("Tuck") is an adult individual residing at 901 East Cedar St., Gladwin, Michigan 48624.

Introduction

6. At all times material hereto, Bobcat and Bear Creek have been engaged in oil and gas operations in the States of West Virginia and Ohio.

7. At all times material hereto, Ellis and Meister have been controlling shareholders, officers and directors of Bobcat and Bear Creek, were "controlling persons" and "affiliates" of Bobcat and Bear Creek, and in such capacity controlled and directed all of the operations and functions of Bobcat and Bear Creek.

8. At all times material hereto, Bobcat, Bear Creek, Ellis and Meister have been engaged in the sale of working interests in oil and gas wells in the states of West Virginia and Ohio.

9. The working interests in the oil and gas wells sold by Bobcat, Bear Creek, Ellis and Meister constitute "securities" under the Securities Act of 1933, the Securities Exchange Act of 1934, the Pennsylvania Securities Act of 1972 of the Commonwealth of Pennsylvania and the Uniform Securities Law of the State of New Jersey.

Jurisdiction and Venue

10. The subject matter of this civil action is the sale of securities by Bobcat, Bear Creek, Ellis and Meister to Joyce in violation of various federal and state statutes and regulations and common law claims arising therefrom.

11. This action arises under the Securities Act of 1933, 15 U.S.C.A. §§77a, et seq., and under the Securities and Exchange Act of 1934, 15 U.S.C.A. §38j(b) and Rule 10b-5, 17 CFR §240.10b-5 promulgated thereunder.  This Court has jurisdiction under the above provisions and under Section 22 of the Securities Act of 1933, 15 U.S.C.A. §77v(a), under Section 27 of the Securities and Exchange Act of 1934, 15 U.S.C.A.§78aa(a) and under 28 U.S.C.A. §§1331 and 1337.  This district court also has jurisdiction over the civil action pursuant to 28 U.S.C. §1332, as the civil action involves a controversy between citizens of different states involving an amount in controversy in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

This district court further has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 of certain claims arising under the laws of the Commonwealth of Pennsylvania and State of New Jersey.

<u>Sale of Unregistered and Nonexempt Securities</u>

12. Between March 29, 2004 and October 14, 2005, Bobcat, Bear Creek, Ellis and Meister sold the following unregistered and nonexempt securities to Joyce:

(a) By offer and sale to Joyce through the United States mails and through means of interstate commerce at his residence at 540 Barnstable, Carlisle, PA 17013, of a fractional undivided interest and/or direct participation unit in an oil and gas investment contract entitled Working and Operating Interest Agreement dated March 29, 2004, pursuant to which Joyce purchased a 4% working interest in the G.W. Ronk #2 Oil and Gas Well situate in Wayne County, West Virginia, for the purchase price of $12,000;

(b) By offer and sale to Joyce through the United States mails and through means of interstate commerce at his residence at 540 Barnstable, Carlisle, PA 17013, of a fractional undivided interest and/or direct participation unit in an oil and gas investment contract entitled Working and Operating Interest Agreement dated April 22, 2004, pursuant to which Joyce purchased a 5% working interest in the E. Hall #2 Oil and Gas Well situate in Wayne County, West Virginia, for the purchase price of $15,000;

(c) By offer and sale to Joyce through the United States mails and through means of interstate commerce at his residence at 540 Barnstable, Carlisle, PA 17013, of a fractional undivided interest and/or direct participation unit in an oil and gas investment contract entitled Working and Operating Interest Agreement dated July 20, 2004, pursuant to which Joyce purchased a 10% working interest in the Eppler #1 Oil and Gas Well situate in Wood County, West Virginia, for the purchase price of $20,000;

(d) By offer and sale to Joyce through the United States mails

and through means of interstate commerce at his residence at 540 Barnstable, Carlisle, PA 17013, of a fractional undivided interest and/or direct participation unit in an oil and gas investment contract entitled Working and Operating Interest Agreement dated July 20, 2004, pursuant to which Joyce purchased a 10% working interest in the Eppler #2 Oil and Gas Well situate in Wood County, West Virginia, for the purchase price of $20,000;

   (e) By offer and sale to Joyce through the United States mails and through means of interstate commerce at his residence at 540 Barnstable, Carlisle, PA 17013, of a fractional undivided interest and/or direct participation unit in an oil and gas investment contract entitled Working and Operating Interest Agreement dated November 4, 2004, pursuant to which Joyce purchased a 10% working interest in the E. Bartram #1 Oil and Gas Well situate in Wayne County, West Virginia, for the purchase price of $30,000;

   (f) By offer and sale to Joyce through the United States mails and through means of interstate commerce at his residence at 105 Old Farm Road, Milford, NJ 08848, of a fractional undivided interest and/or direct participation unit in an oil and gas investment contract entitled Working and Operating Interest Agreement dated April 9, 2005, pursuant to which Joyce purchased a 5% working interest in the E. Bartram #2 Oil and Gas Well situate in Wayne County, West Virginia, for the purchase price of $15,000;

   (g) By offer and sale to Joyce through the United States mails and through means of interstate commerce at his residence at 105 Old Farm Road, Milford, NJ 08848, of a fractional undivided interest and/or direct participation unit in an oil and gas investment contract entitled Working and Operating Interest Agreement dated April 9, 2005, pursuant to which Joyce purchased a 5% working interest in the Eppler #1 Oil and Gas Well situate in Wood County, West Virginia, for the purchase price of $10,000;

   (h) By offer and sale to Joyce through the United States mails and through means of interstate commerce at his residence at 105 Old Farm Road, Milford, NJ 08848, of a fractional undivided interest and/or direct participation unit in an oil and gas investment contract entitled Working and

Operating Interest Agreement dated April 9, 2005, pursuant to which Joyce purchased a 5% working interest in the Eppler #2 Oil and Gas Well situate in Wood County, West Virginia, for the purchase price of $10,000;

      (i)    By offer and sale to Joyce through the United States mails and through means of interstate commerce at his residence at 105 Old Farm Road, Milford, NJ 08848, of a fractional undivided interest and/or direct participation unit in an oil and gas investment contract entitled Working and Operating Interest Agreement dated October 14, 2005, pursuant to which Joyce purchased a 8% working interest in the W.R. Allen #1 Oil and Gas Well situate in Morgan County, Ohio, for the purchase price of $15,000;

      13.    None of the securities described in Paragraph 12 herein were registered with the Securities and Exchange Commission of the United States.

      14.    None of the securities described in Paragraph 12 (a)–(e) herein were registered under the Pennsylvania Securities Act of 1972 of the Commonwealth of Pennsylvania.

      15.    None of the securities described in Paragraph 12 (f)–(j) herein were registered under the Uniform Securities Law of the State of New Jersey.

      16.    Each of the foregoing oil and gas investments are "securities" under Section 2 of the Securities Act of 1933, 15 U.S.C.A. § 77b(a)(1), Section 3(a)(10) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 38c(a)(10), Section 102 of the Pennsylvania Securities Act of 1972, 70 P.S. § 1-102(t), 70 P.S. § 1-102(t) and/or Section 3-49(m) and (q) of the Uniform Securities Law of the State of New Jersey, 49 N.J.S.A. §§ 3-49(m) and (q).

      17.    Bobcat, Bear Creek, Ellis and Meister made statements to Joyce, including untrue statements of material fact and/or omitted to state material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading, with respect to the securities sold to Joyce described in Paragraph 12 herein, in the following particulars:

      (a)    By failing to advise Joyce as to the use of and/or their intended use of the proceeds of his investments in the oil and gas wells;

(b) By failing to advise Joyce of the risks involved in oil and gas investments;

(c) By failing to advise Joyce that he would not have substantive management rights in any of the investments;

(d) By failing to advise Joyce that the drilling operations with respect to the wells were undercapitalized;

(e) By failing to advise Joyce that there was not an available market for oil and gas production from the wells;

(f) By failing to obtain sufficient capital to drill, complete and equip the wells and to advise Joyce of the lack of such capital;

(g) By failing to advise Joyce as to the tax consequences of his investments;

(h) By failing to advise Joyce as to the compensation derived and/or intended to be derived by them from the sale of the securities to Joyce;

(i) By failing to advise Joyce of anticipated oil and gas production declines from the wells;

(j) By failing to advise Joyce as to various governmental and environmental controls that the wells were subject to and their non-compliance with many such regulations;

(k) By failing to advise Joyce that they would be relying upon third-party independent contractors to drill, complete and equip the wells;

(l) By failing to advise Joyce as to the known geology relating to the likelihood of the wells producing oil and gas in commercial quantities;

(m) By failing to advise Joyce of their lack of geologic data relating to the wells;

(n) By failing to advise Joyce as to the known geology relating to offset wells in the areas of the wells;

(o) By failing to obtain and keep in force all bonds and permits required to drill and operate the wells;

(p) By failing to immediately drill the wells upon receipt of the investment funds from Joyce;

   (q) By failing to complete the wells that were drilled;

   (r) By failing to advise Joyce that certain of the oil and gas wells had been drilled or personally drilled, and by failing to provide him with the details thereof.

  18. Joyce was unaware of the foregoing untruths or omissions.

  19. Bobcat, Bear Creek, Ellis and Meister were aware that the statements constituted false and fraudulent representations.

## COUNT ONE

  20. The averments of Paragraphs 1 through 18 of this Complaint, inclusive, are incorporated herein and made a part hereof.

  21. Bobcat, Ellis and Meister sold the unregistered and nonexempt securities to Joyce described in Paragraph 12 (a)–(i) herein, in violation of Section 5 of the Securities Act of 1933, 15 U.S.C.A. §77e(a).

  22. Bear Creek, Ellis and Meister sold the unregistered and nonexempt securities described in Paragraph 12 (a)–(i) herein to Joyce in violation of Section 5 of the Securities Act of 1933, 15 U.S.C.A. §77e(a).

## COUNT TWO

  23. The averments of Paragraphs 1 through 22 of this Complaint, inclusive, are incorporated herein and made a part hereof.

  24. Bobcat, Ellis and Meister sold the unregistered and nonexempt securities in Paragraph 12 (a)–(e) herein to Joyce in violation of Section 201 of the Pennsylvania Securities Act of 1972, 70 P.S. §1-201.

  25. Bear Creek, Ellis and Meister sold the unregistered and nonexempt securities in Paragraph 12 (f) – (i) herein to Joyce in violation of Section 3-60 of the Uniform Securities Law of the State of New Jersey, 49 N.J.S.A. § 3-60.

## COUNT THREE

  26. The averments of Paragraphs 1 through 25 of this Complaint, inclusive, are incorporated herein and made a part hereof.

27. The false representations by Bobcat, Bear Creek, Ellis and Meister contained within the prospectuses and communications described in Paragraph 12 herein were untrue statements of material fact and/or omissions of material facts sufficient to mislead in light of the circumstances under which they were made.

28. By making such false representations and issuing such false statements, Bobcat, Bear Creek, Ellis and Meister violated Section 12(2) of the Securities Act of 1933, 15 U.S.C.A. §77l.

29. Joyce relied upon the representations and was damaged as a result of the violations.

## COUNT FOUR

30. The averments of Paragraphs 1 through 29 of this Complaint, inclusive, are incorporated herein and made a part hereof.

31. Bobcat, Bear Creek, Ellis and Meister made use of the federal mail to employ the devices, schemes and artifices to defraud Joyce and to obtain money from Joyce by means of the untrue statements of material facts and/or the omissions of material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, and engaged in transactions, practices and courses of business which operated as a fraud or deceit upon Joyce, as more fully described in Paragraph 12 herein.

32. By making such false representations and by failing to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by use of the federal mail, Bobcat, Bear Creek, Ellis and Meister violated Section 17 of the Securities Act of 1933, 15 U.S.C.A. §77q(a) and (b).

## COUNT FIVE

33. The averments of Paragraphs 1 through 32 of this Complaint, inclusive, are incorporated herein and made a part hereof.

34. Bobcat, Bear Creek, Ellis and Meister made the false statements described in Paragraph 12 herein as part of a fraudulent scheme to sell to Joyce the oil and gas interests described in Paragraph 12 in violation of Rule 10b-5 of the Securities and Exchange Commission, 17 CFR § 240.10b-5, promulgated pursuant to Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C.A. §§ 78j(b), 20(a), 78t and other provisions of such Act.

35. Bobcat, Bear Creek, Ellis and Meister knew the representations to be false and fraudulent.

## COUNT SIX

36. The averments of Paragraphs 1 through 35 of this Complaint, inclusive, are incorporated herein and made a part hereof.

37. Bobcat, Bear Creek, Ellis and Meister employed the devices, schemes and artifices to defraud Joyce, made the untrue statements of material fact and/or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and thereby engaged in acts, practices for a course of business which operated as a fraud or deceit upon Joyce, as more particularly described in Paragraph 12 (a)–(e) herein, in violation of Section 401 of the Pennsylvania Securities Act of 1972 of the Commonwealth of Pennsylvania, 70 P.S. §1-401.

38. Bobcat, Bear Creek, Ellis and Meister employed the devices, schemes and artifices to defraud Joyce, made the untrue statements of material fact and/or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and thereby engaged in acts, practices for a course of business which operated as a fraud or deceit upon Joyce, as more particularly described in Paragraph 12 (f)–(i) herein, in violation of Section 3-52 of the Uniform Securities Law of the State of New Jersey, 49 N.J.S.A. § 3-52.

## COUNT SEVEN

39. The averments of Paragraphs 1 through 38 of this Complaint, inclusive, are incorporated herein and made a part hereof.

40. In connection with the sale of the securities described in Paragraph 12 herein, Bobcat and Bear Creek, knowingly, or with reckless disregard for the truth, made the false and misleading statements of material facts and/or omissions of material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, as more fully described therein.

41. The false and misleading statements and/or the omissions of material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, constitute common law fraud.

42. The false and misleading statements and/or the omissions of material facts necessary in order to make the statements made, in order to make the statements made in light of the circumstances under which they were made, not misleading, were intentionally made and/or omitted by Bobcat and Bear Creek with the intent to defraud Joyce.

43. Joyce relied upon the representation and the statements made by Bobcat and Bear Creek in his decision to purchase the securities.

## COUNT EIGHT

44. The averments of Paragraphs 1 through 43 of this Complaint, inclusive, are incorporated herein and made a part hereof.

45. In connection with the sale of the securities described in Paragraph 12 herein, Bobcat and Bear Creek made the various false and misleading statements of material facts and/or omissions of material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, with reckless disregard of the truth thereof and without reasonable ground to believe that the representations made were accurate or that the information provided was not misleading.

46. The false and misleading statements and/or the omissions of material facts necessary in order to make the statements made, in light of the circumstances they were made, not misleading, constitute negligent misrepresentations.

47. Joyce relied upon such representations in his decision to purchase the securities described in Paragraph 12 herein.

## COUNT NINE

48. The averments of Paragraphs 1 through 47 of this Complaint, inclusive, are incorporated herein and made a part hereof.

49. Bobcat, Bear Creek, Ellis and Meister have failed to operate the oil and gas wells drilled pursuant to the contracts described in Paragraph 12 herein, as prudent oil and gas operators, and in such respect, have failed to produce the maximum quantity of oil and gas therefrom, have permitted waste to occur, have failed to produce and market the oil and gas produced from the wells on a continuous basis, have failed to produce and market the oil and gas produced from the wells at the best available price, in accordance with recognized and accepted industry standards in the locale of each of the wells.

50. As a result of their failure to prudently operate the oil and gas wells, Joyce has suffered.

WHEREFORE, Joyce requests the following relief and damages from Bobcat, Bear Creek, Ellis and Meister, and from each of them:

(a) Rescission of his purchase of the securities described in Paragraph 12 herein;

(b) That Bobcat, Bear Creek, Ellis and Meister be made to render a true and correct accounting due Joyce of the disposition of the proceeds of Joyce's investments in the securities described in Paragraph 12 herein and any proceeds derived by them from the production and sale of oil and gas from the oil and gas wells described in Paragraph 12 herein;

(c) Compensatory damages in an amount to be determined;

(d) Punitive and exemplary damages in an amount to be determined;

(e)   Attorney fees and costs;

(f)   Pre-judgment interest; and

(g)   Such other and further relief as is necessary and just.

*/s/ Robert W. Lambert*
Robert W. Lambert, Esq.
Lambert & Martineau
1001 Philadelphia St.
Indiana, PA 15701
Pa.I.D. 19808
724-349-2440

Marcus A. McKnight, III, Esq.
Irwin & McKnight
60 W. Pomfret St.
Carlisle, PA 17013
717-243-6222

Attorneys for Plaintiff